# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 00-30569
Summary Calendar

D.C. Docket No. 00-CV-108-K

U.S. COURT OF APPEALS
FILED
DEC 19 2000
CHARLES R. FULBRUGE III
CLERK

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  FEB 13 2001
LORETTA G. WHYTE
CLERK

ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN)

    Plaintiff - Appellant

v.

UNITED STATES ARMY CORPS OF ENGINEERS; RODNEY E SLATER, United States Secretary of Transportation; US DEPARTMENT OF TRANSPORTATION

    Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE:  FEB 12 2001

A true copy
Test
Clerk, U.S. Court of Appeals, Fifth Circuit
By Sabrina Barnas
    Deputy
New Orleans, Louisiana

FEB 12 2001

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED

DEC 19 2000

CHARLES R. FULBRUGE III
CLERK

No. 00-30569
Summary Calendar

ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW,
(ACORN),

                                        Plaintiff-Appellant,

versus

UNITED STATES ARMY CORPS OF ENGINEERS; RODNEY E. SLATER,
United States Secretary of Transportation; U.S. DEPARTMENT OF
TRANSPORTATION,

                                        Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-108-K

---

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    The Association of Community Organizations for Reform Now ("ACORN") appeals the district court's summary judgment dismissal of its suit seeking a preliminary injunction enjoining lock-pile testing and further construction with respect to the lock replacement and canal expansion project at the Inner Harbor Navigational Canal ("the IHNC") in New Orleans, Louisiana. ACORN has failed to raise on appeal, and has therefore abandoned, its claim that the Environmental Impact Statement prepared by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States Army Corps of Engineers failed to address the disproportionate adverse effects the IHNC project would have on minority communities, in violation of the National Environmental Protection Act, Council on Environmental Quality regulations, and Executive Order 12898. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

ACORN's only remaining claim is that the United States Department of Transportation ("the DOT"), through the United States Coast Guard, violated the DOT Act by failing to conduct a § 4(f) analysis of the use of historic sites by the bridge phase of the IHNC project prior to the commencement of construction on the project. Under § 4(f) of the DOT Act, now codified at 49 U.S.C. § 303(c):

> The Secretary [of the DOT] may approve a transportation program or project . . . requiring the use of . . . land of an historic site of national, State, or local significance . . . only if-
>
> (1) there is no prudent and feasible alternative to using that land; and
>
> (2) the program or project includes all possible planning to minimize harm to the . . . historic site resulting from the use.

"The United States is immune from suit except as it waives its sovereign immunity." Wilkerson v. United States, 67 F.3d 112, 118 (5th Cir. 1995). "Congress sets forth the terms of those waivers and courts may not exercise subject matter jurisdiction over a claim against the federal government except as Congress allows." Id. A waiver of immunity "'must be unequivocally expressed in statutory text . . . [and] will be strictly construed, in terms of its scope, in favor of the sovereign.'" Rothe Dev. Corp. v. United

States Dep't of Defense, 194 F.3d 622, 624 (5th Cir. 1999) (citing Lane v. Pena, 518 U.S. 187, 192 (1996)).

Neither ACORN's filings in the district court nor its briefs in this court identify any statutory provision waiving the United States' sovereign immunity with respect to this suit for injunctive relief. We are left to presume that ACORN's suit was brought pursuant to the waiver of immunity set forth in 5 U.S.C. § 702. See Rothe Dev. Corp., 194 F.3d 622 at 624. "A waiver [of immunity] as to injunctive relief . . . can be found in § 702 of the Administrative Procedure Act, which permits parties 'suffering legal wrong because of agency action' to file an 'action in a court of the United States seeking relief other than money damages.'" Id. (citing 5 U.S.C. § 702).

The Administrative Procedure Act, however, does not subject every action by an agency to judicial review. See Taylor-Callahan-Coleman Counties Dist. Adult Prob. Dep't v. Dole, 948 F.2d 953, 956 (5th Cir. 1991). "Section 704 of that Act limits judicial review to '[a]gency action made reviewable by statute and [to] final agency action for which there is no adequate remedy in a court....'" See id. (citing 5 U.S.C. § 704).

ACORN has not identified, and we have not discovered, a statute making reviewable the DOT's failure to conduct a § 4(f) analysis with respect to a project it has not yet approved, such as the IHNC project's bridge phase. Moreover, ACORN has not alleged, nor is there an indication, that the DOT's failure to conduct a § 4(f) analysis of the not-yet-approved bridge phase of the IHNC project constituted a final agency action. See Veldhoen v. United

States Coast Guard, 35 F.3d 222, 225 (5th Cir. 1994) (holding that a final agency action "imposes an obligation, denies a right, or fixes a legal relationship").

In light of the foregoing, ACORN has not shown that the defendants waived their sovereign immunity from suit. See Taylor-Callahan-Coleman Counties Dist. Adult Prob. Dep't, 948 F.2d at 956. The district court's judgment is AFFIRMED on the alternative ground of lack of subject-matter jurisdiction. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (court of appeals may affirm district court's judgment on any basis supported by the record).

AFFIRMED.

# United States Court of Appeals

## FIFTH CIRCUIT
### OFFICE OF THE CLERK

**CHARLES R. FULBRUGE III**
**CLERK**

TEL. 504-589-6514
600 CAMP STREET
NEW ORLEANS, LA 70130



February 12, 2001

Ms Loretta Whyte, Clerk
Eastern District of Louisiana, New Orleans
United States District Court
500 Camp Street
Room C-151
New Orleans, LA 70130

      No. 00-30569 Assn Commty Orgn Ref v. US Army Corps Engs
      USDC No. 00-CV-108-K

Enclosed, for the district court only, is a certified copy of the judgment issued as the mandate.

Enclosed, for the district court only, is a copy of the court's opinion.

Record/original papers/exhibits are returned:

( 1 ) Volume    (   ) Envelopes    ( 1 ) Box

Sincerely,

CHARLES R. FULBRUGE III, Clerk

By: Shari Stewman/SLB
Shari Stewman, Deputy Clerk

/slb
cc: (letter only)
    Honorable Stanwood R Duval Jr
    Mr Spencer Livingston
    Mr Fred Turner Hinrichs

MDT-1